# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 01 2020, 10:33 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Batesville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Supervising Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kourtney Cohen,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 1, 2020<br><br>Court of Appeals Case No.<br>19A-CR-2875<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Alicia A. Gooden, Judge<br><br>Trial Court Cause No.<br>49G21-1810-F2-37700 |

**Barteau, Senior Judge.**

## Statement of the Case

[1] Kourtney Cohen appeals the sentence he received for his conviction of operating a vehicle while intoxicated, endangering a person, a Level 5 felony.[1]

## Issue

[2] Cohen presents one issue for our review: whether his sentence is inappropriate.

## Facts and Procedural History

[3] In October 2018, Indianapolis Metropolitan Police Department Officer Michael McWhorter was responding to a call when he encountered a driver, later identified as Cohen, driving his vehicle the wrong way down a one-way street. Officer McWhorter drove toward Cohen's vehicle in such a manner as to force him to pull over to the curb. The officer then pulled alongside Cohen's vehicle, rolled down his passenger side window, and attempted to talk to Cohen. Cohen looked at Officer McWhorter with a blank stare, so the officer exited his car and went around to the driver side of Cohen's car. Officer McWhorter asked Cohen what was going on, and Cohen told the officer he lived there and pointed to the house on his left. Officer McWhorter asked him his address, and Cohen responded he was just kidding and he did not live there.

[4] At that point, Officer McWhorter asked Cohen to step out of his vehicle. Cohen had difficulty getting his seatbelt off and could not find the door handle.

---

[1] Ind. Code §§ 9-30-5-2 (2001); 9-30-5-3(b) (2014).

As Cohen exited the vehicle and attempted to step onto the sidewalk, he tripped and fell into the officer. For his and Cohen's safety, the officer placed Cohen in handcuffs and had him sit down. The officer then had the control operators run the plates of the vehicle Cohen was driving and discovered the vehicle had been reported stolen. This information led to an inventory search of the vehicle which revealed a handgun under the driver's seat and a bag of a substance believed to be drugs in the center console. Officer McWhorter determined that Cohen did not have a handgun permit, and later testing revealed the substance from the center console to be approximately 75 grams of heroin.

[5] In the meantime, Officer Shem Ragsdale arrived to conduct a DUI investigation of Cohen. He observed that Cohen had poor balance, slurred speech, glassy and bloodshot eyes, and smelled of the odor of alcoholic beverages. The officer administered three field sobriety tests to Cohen, all of which he failed. Cohen refused a chemical test, and Officer Ragsdale obtained a search warrant to draw Cohen's blood. The results of the testing revealed that the ethyl alcohol concentration in Cohen's blood was 0.124%.

[6] Based upon this incident, the State charged Cohen with dealing in a narcotic drug, a Level 2 felony;[2] possession of a narcotic drug, a Level 3 felony;[3] carrying

---

[2] Ind. Code § 35-48-4-1 (2017).

[3] Ind. Code § 35-48-4-6 (2014).

a handgun without a license, a Class A misdemeanor;[4] and two counts of operating a vehicle while intoxicated, endangering a person, as Class A misdemeanors. The State also charged Cohen with enhanced offenses of the handgun charge and one of the operating while intoxicated counts based upon his prior felony conviction of operating a vehicle while intoxicated, causing death. A jury found Cohen guilty of both counts of operating a vehicle while intoxicated, and the two counts merged. Cohen then waived his right to a jury for the second phase of his trial, and the court found that he had a prior conviction, thereby enhancing the offense of operating a vehicle while intoxicated to a Level 5 felony.

[7] The court sentenced Cohen to six years with three years executed and two years suspended, and the court recommended that Cohen receive alcohol counseling while in the Department of Correction. The court further ordered Cohen to serve one year on home detention and one year on probation. Cohen appeals this sentence.

## Discussion and Decision

[8] Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we determine that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App.

---

[4] Ind. Code § 35-47-2-1 (2017).

2014).  However, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007).  Such deference to the trial court's judgment should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character).  *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).  Absent such a sufficiently compelling evidentiary basis, we will not override the decision of the trial court.  *Sorenson v. State*, 133 N.E.3d 717, 728 (Ind. Ct. App. 2019), *trans. denied* (2020).  The defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate.  *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[9]     To assess whether a sentence is inappropriate, we look first to the statutory range established for the class of the offense.  Here, Cohen was convicted of a Level 5 felony, for which the advisory sentence is three years, with a minimum of one year and a maximum of six years.  Ind. Code § 35-50-2-6(b) (2014).  The court sentenced Cohen to the maximum sentence of six years but ordered that only three years be executed.

[10]    Next, we look to the nature of the offense.  "The nature of the offense is found in the details and circumstances surrounding the offense and the defendant's participation therein."  *Morris v. State*, 114 N.E.3d 531, 539 (Ind. Ct. App.

2018), *trans. denied* (2019). Cohen was driving while intoxicated, and, to add to the inherent danger of that offense, he was driving the wrong way down a one-way street. In addition, Cohen was driving a stolen vehicle, and he lied to the officer about living on the street on which he was stopped.

[11] Finally, we turn to the character of the offender. The character of the offender is found in what we learn of the defendant's life and conduct. *Id.* The significance of a criminal history in assessing a defendant's character and an appropriate sentence varies based on the gravity, nature, and proximity of prior offenses in relation to the current offense, as well as the number of prior offenses. *Sandleben v. State*, 29 N.E.3d 126, 137 (Ind. Ct. App. 2015), *trans. denied*. Even a minor criminal history is a poor reflection of a defendant's character. *Moss v. State*, 13 N.E.3d 440, 448 (Ind. Ct. App. 2014), *trans. denied*.

[12] Cohen's criminal history is comprised of a true finding of disorderly conduct when he was a juvenile, for which he completed a substance abuse program. As an adult, Cohen has been convicted of felony operating a vehicle while intoxicated, resulting in death and was sentenced to an aggregate, executed sentence of thirteen years and ordered to successfully complete substance abuse treatment while incarcerated. Cohen had at least twenty-five prison conduct incidents while he was incarcerated for refusing to obey orders; being in an unauthorized area; refusing an assignment; disruptive, unruly, or rowdy conduct; threatening or communicating with another; general violation of facility rules; being an habitual conduct rule violator; tampering with or possessing tools to alter locks/device; impairment of surveillance; lying or

providing false statement; and committing battery without weapon or injury. Cohen's criminal history also reveals that he has been charged with such crimes as strangulation, domestic battery committed in the presence of a child less than sixteen years old, battery resulting in bodily injury, and invasion of privacy, though none of these charges were reduced to conviction.

[13] Cohen points to the age of his prior conviction as a factor warranting revision of his sentence; however, we note that, for six of the intervening years, Cohen was in prison. More significant than the intervening time period is the nature of Cohen's prior conviction. The nature of his prior conviction is the same as the current offense—operating a vehicle while intoxicated, and the gravity of his prior offense is considerable—causing a death. Apparently undeterred by the impact of causing another's death and serving a prison sentence therefor, Cohen again drove while intoxicated. Moreover, Cohen's overall history reflects an inability to abide by the rules and laws of society, both in and out of prison.

[14] In an attempt to portray his character in a positive light, Cohen points out his expression of remorse, his willingness to attend a treatment program, his concern for his children, his family support, and his desire to open a tire shop for employment. Other than merely listing these factors that he presented to the trial court, Cohen presents no argument as to their compelling nature that would cause this Court to override the decision of the trial court. Moreover, the court took Cohen's willingness to attend a treatment program into consideration and stated in the sentencing order that it "strongly recommends alcohol counseling while in IDOC." Appellant's App. Vol. II, p. 17. Despite

the fact that Cohen had previously completed two treatment programs, the court generously recommended substance abuse treatment in prison to give him yet another chance to overcome his substance abuse issues. We additionally note that Cohen has two children who live with their mother and for whom he is not ordered to pay support. He does not assert that his children will suffer any undue hardship as a result of his incarceration or that they will not be provided for during his period of incarceration.

## Conclusion

[15] Cohen has not met his burden of presenting compelling evidence portraying in a positive light the nature of his offense or his character in order to overcome the trial court's sentencing decision.

[16] Affirmed.

Bailey, J., and Brown, J., concur.